**UNITED STATES of America,**
**Appellee,**

v.

**Michael HANAKIS, Defendant–**
**Appellant.**

**No. 07–4157–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 30, 2009.

Chad Seigel, Tacopina & Seigel, P.C., New York, N.Y., for Defendant–Appellant.

Andrew E. Goldsmith (Jo Ann M. Navickas, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Present: GUIDO CALABRESI,
RICHARD C. WESLEY, Circuit Judges,
ALLYNE ROSS, District Judge.*

---

* The Honorable Allyne Ross, United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Defendant–Appellant Michael Hanakis was convicted after a jury trial in the United States District Court for the Eastern District of New York (Gleeson, *J.* ) of conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 1349, and thirteen counts of mail fraud, in violation of 18 U.S.C. § 1341. He was sentenced to a below-Guidelines sentence of 192 months of incarceration, five years of supervised release, a $1400 special assessment, and $8 million in restitution.

Defendant–Appellant contends that the sentencing court erroneously applied enhancements for (1) "a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding," U.S.S.G. § 2B1.1(b)(8)(B), (2) derivation of "more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense," U.S.S.G. § 2B1.1(b)(14)(A), and (3) being a leader or organizer of an extensive criminal activity, U.S.S.G. § 3B1.1(a). He also argues that he should have been given a criminal history category of I, rather than II, because he claims he was not on probation when the offenses occurred, and that his overall sentence is unreasonable.

We review the sentence and the procedures employed in arriving at the sentence for reasonableness. *United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir. 2008). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the[se] factors." *Id.* (internal citations and quotation marks omitted). Contrary to Defendant–Appellant's arguments, the record reflects that the district court properly considered the sentencing factors set forth in 18 U.S.C. § 3553(a).

The district court also explicitly stated that it would have imposed the same non-Guidelines sentence regardless of the outcome of the parties' disputes over the challenged enhancements and the criminal history determination. On this record, we can identify no abuse of discretion by the district court in imposing Defendant–Appellant's sentence.

Accordingly, the order of the district court is hereby **AFFIRMED.**